UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHELLE K. FOSTER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-2

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET.**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 8. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 5),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for SSI alleging disability as a result of a number of impairments including, *inter alia*, fibromyalgia, an anxiety disorder, and an affective (depressive) disorder. PageID 545.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff filed for SSI in 2010 and, after an initial denial of her application, received a hearing before ALJ Thomas McNichols on September 28, 2012. PageID 59. ALJ McNichols issued a written decision on November 6, 2012 finding Plaintiff not disabled. PageID 59-76. After the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, Plaintiff filed an appeal with this Court. PageID 541-42. Finding that the ALJ erred in his analysis of Plaintiff's treating physician, this Court remanded for further proceedings. *Foster v. Colvin*, No. 3:14-cv-66, 2015 WL 66553 (S.D. Ohio Jan. 5, 2015).

Plaintiff then received a second administrative hearing before ALJ Elizabeth Motta on July 27, 2015. PageID 634. ALJ Motta issued a written decision October 28, 2015, again finding Plaintiff not disabled. PageID 771-90. Finding that ALJ Motta's decision did not sufficiently address this Court's directives on remand, the Appeals Council vacated the non-disability finding and remanded the case for further proceedings. PageID 799-801. Specifically, the Appeals Council directed ALJ Motta to "give further consideration to treating source opinion evidence with particular emphasis on SSR 12-2p in conjunction with the claimant's fibromyalgia and explain the weight given to such opinion evidence." PageID 542.

ALJ Motta held a third administrative hearing on October 26, 2016. PageID 578-606. For a third time, an ALJ issued a written decision finding Plaintiff not disabled. PageID 541-68. Specifically, ALJ Motta found at Step Five that, based upon Plaintiff's Residual Functional Capacity ("RFC") to perform a reduced range of light work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 567.

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

Thereafter, the Appeals Council denied Plaintiff's request to review ALJ Motta's December 29, 2016 decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 529-32. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This December 29, 2016 non-disability finding by ALJ Motta (hereinafter, "ALJ") is now before the Court for review.

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 541-68), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.   Has the claimant engaged in substantial gainful activity?;

2.   Does the claimant suffer from one or more severe impairments?;

3.   Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.   Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.   Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues, and the undersigned agrees, that the ALJ erred on remand in: (1) evaluating the treating source opinions and medical evidence; and (2) failing to follow this Court's January 5, 2015 Remand Order. PageID 1211.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Here, the record contains the opinions of Plaintiff's treating physician of nineteen years, Rick Gebhart, D.O. Most recently -- in August 2016 -- Dr. Gebhart opined that, due to her fibromyalgia, depression, Post-Traumatic Stress Disorder ("PTSD"), and anxiety, Plaintiff is unable to be prompt and regular in attendance, withstand the pressure of meeting normal standards of work productivity, or complete a normal work day and work week without interruption from psychologically and physically-based symptoms without unreasonable rest periods. PageID 1179-81. Dr. Gebhart also concluded, based on his examinations and medical findings, that Plaintiff is unable to stand and walk for any amount of time during an eight-hour work day, and can sit for only 15-20 minutes at a time before needing half hour breaks to lie down. PageID 1811. Ultimately, Dr. Gebhart found that Plaintiff could "absolutely no[t]" perform even sedentary work. PageID 1833. Dr. Gebhart also authored opinions in 2010, 2012, and 2015, which consistently document similarly debilitating symptoms of Plaintiff's impairments. PageID 333, 476-83, 1023-26.

The ALJ declined to afford Dr. Gebhart's opinions controlling or deferential weight, finding that the opinions "are entirely unsupported…and inconsistent with other substantial evidence in the case record." PageID 560. Upon determining that other medical records show normal muscle strength and tone, normal range of motion, and normal gait, the ALJ concluded that the "only plausible explanation" for the degree of limitation suggested by Dr. Gebhart "is that he based his conclusions on the unsubstantiated allegations and subjective complaints of the claimant." *Id.*

The undersigned finds multiple errors in the ALJ's assessment of Dr. Gebhart's opinions. The undersigned initially notes that the ALJ erred in selectively focusing on the "normal" (*i.e.,* non-disabling) aspects of Plaintiff's treatment notes to the exclusion of evidence supportive of Dr.

6

Gebhart's opinion. *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *cf. Carter v. Comm'r of Soc. Sec.,* No. 3:13-cv-296, WL 791473, at *6 (S.D. Ohio Feb. 24, 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings). For example, Dr. Gebhart's own treatment notes document "multiple tender points, exquisitely tender, affect poor"; "lethargic, depressed, anxious, and agitated" moods; and "limited range of motion and malalignment (knees)." PageID 484-505, 1110-12, 1174.

Dr. Gebhart's opinions are also consistent with the findings of the state agency's consultative physician, Damian Danopulos, M.D. Dr. Danopulos documented painful motion in all joints, sensitive muscles with palpation, painful spine with pressure, highly restricted and painful lumbar spine motion, and severe anxiety neurosis. PageID 375-76. Dr. Danopulos concluded that Plaintiff's "ability to do any work-related activities is affected mainly from her lumbar spine arthritis plus aches and pains of her upper extremities and cervical spine and headaches." PageID 376. Because the record thus undermines the ALJ's assertion that "[t]here is no objective medical evidence" to substantiate Dr. Gebhart's opinion, PageID 556, the ALJ failed to overcome the "rebuttable presumption" that a treating physician's opinion is entitled to great deference. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 242 (6th Cir. 2007).

Even assuming, *arguendo,* that Dr. Gebhart founded his conclusion on Plaintiff's subjective reports as the ALJ suggests, this does not provide a valid basis for discounting his opinions. "Unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Id.* at 243. Indeed, "[f]ibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion." *Id.* (quoting *Preston v. Sec'y of Health & Human Servs.,* 854 F.2d 815, 820 (6th Cir. 1988)). Nevertheless, the ALJ repeatedly cited

7

Plaintiff's lack of objective medical evidence to discredit Dr Gebhart's opinions.[3] PageID 559-60 ("the claimant's alleged symptoms and purported functional limitations are largely based on her self-reported pain complaints rather than objective medical evidence or clinical findings"; "objective medical evidence and clinical findings certainly do not support such and extreme degree of function limitation"; "there is clearly no objective medical evidence to substantiate such a drastic degree of functional limitation"; "clinical testing and examinations revealed no abnormalities anywhere near to a level of severity that would rationally account for the degree of limitation described by Dr. Gebhart"). "The nature of fibromyalgia itself renders such…[an] overemphasis upon objective findings inappropriate." *Rogers,* 486 F.3d at 249. In light of the errors illuminated above, the undersigned finds reversible error in the ALJ's assessment of Dr. Gebhart's opinion.

The ALJ similarly erred in discounting the opinions of treating psychologists, C. Jesse Carlock, Ph.D., and Kathleen Glaus, Ph.D. Both Drs. Carlock and Glaus authored opinions concluding that Plaintiff would be absent from work more than three times a month; has "marked" restrictions of daily living; "marked" restrictions in concentration, persistence, and pace; and has "extreme" functional limitations due to episodes of deterioration or decompensation in work.[4] PageID 445.

In affording their opinions "little weight," the ALJ found it "quite evident that any limitations described [by Drs. Carlock and Glaus] were based largely, if not entirely, on the Claimant's subjective complaints and self-reported symptoms." PageID 552. Yet, the psychologists provided an extensive list of the clinical findings, treatment, and prognosis that demonstrate the severity of Plaintiff's mental impairments and symptoms. PageID 444. Moreover, Plaintiff's treatment notes from Drs. Carlock and Glaus document that she consistently exhibited a depressed, hopeless, anxious, anhedonic mood; concentration problems; and tearful behavior. Thus, the ALJ's determination -- that the opinions of

---

[3] The undersigned also notes that the ALJ made this same error in discounting the opinion of Dr. Danopulos. PageID 549-50.

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan,* 942 F.2d 301, 307 (6th Cir. 1991).

8

Drs. Carlock and Glaus "lack any support" -- is belied by a close reading of the medical record. PageID 552.

To the extent that the ALJ discounted the treating psychologists' opinions because they relied on Plaintiff's subjective complaints, such an assessment demonstrates a fundamentally flawed understanding of mental impairments. Like fibromyalgia, "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." *Blankenship v. Bowen,* 874 F.2d 1116, 1121 (6th Cir. 1989). Contrary to the ALJ's assertion, "the report of a psychiatrist [or other mental health personnel] should not be rejected simply because of…the absence of substantial documentation." *Id.*

Next, the ALJ discounted Drs. Carlock and Glaus's physical limitations on the grounds that the doctors are "mental health professionals." PageID 552. The ALJ erred in this respect because she flouted both the instructions given to her on remand[5] and the mandate of Social Security Regulation ("SSR") 12-2p. *Sullivan v. Hudson,* 490 U.S. 877, 886 (1984) ("[D]eviation from the court's remand order in subsequent administrative proceedings is itself legal error"); *Foster,* 2015 WL 6653, at *16 ("Particularly troublesome with the ALJ's rejection of Dr. Carlock's opinion is that he determined Dr. Carlock []… 'is well out of his area of expertise…'"). SSR 12-2p, on the contrary, states that the opinion of a psychologist *can* be used when considering a person's fibromyalgia. 2012 SSR Lexis 1, at *10-11. Thus, the ALJ again failed to comply with SSR 12-2p and, in so doing, also failed to establish "good reasons" for discounting the opinions of Plaintiff's treating psychologists. *Mitchell v. Comm'r of Soc. Sec.,* 330 Fed. App'x 563, 569 (6th Cir. 2009).

Finally, the undersigned notes that, in her efforts to find Plaintiff not disabled, the ALJ erroneously evaluated Plaintiff's credibility. First, the ALJ found that "the claimant's alleged symptoms appear much more severe than any pathology shown on lumbar spine studies in the record."

---

[5] This Court found that the ALJ erred in the same manner in *Masters v. Comm'r of Soc. Sec.*, No. 3:17-cv-354, 2019 WL 1529198 (S.D. Ohio April 9, 2019), making this instance of disregard for a District Court Remand Order the second one in just a month.

9

PageID 546. But, as explained above, fibromyalgia does not manifest in objective medical evidence like other physical impairments. *Rogers,* 486 F.3d at 249. Second, the ALJ repeatedly cited Plaintiff's lack of treatment as evidence that her impairments and symptoms were overstated, *see e.g.,* PageID 553, 555, but failed to note her extensive medication list, including Zoloft, Lyrica, Flexeril, Naproxen, Vicodin, and Valium, PageID 463. *Boston v. Astrue,* 2011 U.S. Dist. Lexis 119580, at *26 (S.D. Ohio Sept. 15, 2011) (finding "[t]hat the ALJ's failure to address this evidence [of Plaintiff's medicine regime], and properly evaluate Plaintiff's fibromyalgia, prevent the Court from engaging in meaningful review of the ALJ's decision"). While the ALJ, on the one hand, faults Plaintiff for not receiving more treatment; she, on the other, points to Plaintiff's ability to attend doctor's appointments as evidence that she is able to work. *Compare* PageID 553 *with* PageID 561. It is unclear how Plaintiff's ability to attend periodic doctors' appointments equates to an ability to engage in sustained employment. *Barnhorst v. Comm'r of Soc. Sec.,* 1:10-cv-526, 2011 U.S. Dist. LEXIS 96079, at *53 (S.D. Ohio Aug. 5, 2011) (An ALJ must "build an accurate and logical bridge between the evidence and the result"). More egregious is that the ALJ's proposition pits Plaintiff against a double-edged sword: she is condemned when she seeks treatment and condemned when she does not. While credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence. *Rogers,* 486 F.3d at 249. This is not the case in this instance.

Based on all the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed. *See Blakely,* 581 F.3d at 409-10 (holding that "the Commissioner must follow his [or her] own procedural regulations in crediting medical opinions").

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's

decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this case, evidence of disability is overwhelming. Three treating physicians opined that Plaintiff has work-preclusive limitations, and evidence to the contrary -- *i.e*, the opinions of record reviewing physicians -- is weak.

The undersigned also notes the unusual circumstances of this appeal: three unsound ALJ decisions, all of which included reversable error in the analysis of the same treating physician. Given these circumstances and the strong, uncontroverted evidence of record in support of a finding of disability, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding for benefits after two remands and three administrative hearings); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight-year-old case to the Secretary for further review").

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   April 10, 2019                                  s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge